**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

ASHLEE HOWARD,

Plaintiff,

Case No.:

v.

AETNA LIFE INSURANCE COMPANY; and
GRAHAM HOLDINGS COMPANY FLEXIBLE BENEFITS PROGRAM,

Defendant.
______________________________________/

# COMPLAINT

Plaintiff, Ashlee Howard, by and through undersigned counsel hereby files her Complaint against Defendants, Aetna Life Insurance Company, Graham Holdings Company Flexible Benefits Program, or Graham Holdings Company Medical Expense Plan, and says:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(e), (f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2. Plaintiff, Ashlee Howard ("Mrs. Howard"), is a citizen of the United States of America and was at all times relevant an eligible participant of The Graham Holdings Flexible Benefits Program at issue (the "Program"). Defendant, Aetna Life Insurance Company ("Aetna" or "Defendant"), is the claims administrator of the Program, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

## III. FACTS

3. At all times material to this action there was in full force and effect an ERISA welfare benefit plan that comprised of various component plans.

4. Graham Holdings Company ("Graham Holdings") is the plan sponsor and the plan administrator of the Program.

5. As Plan Administrator, Graham Holdings has delegated to Aetna the responsibility for interpreting the provisions of the Aetna options under the Program's component medical coverage plan and for adjudicating claims and appeals according to those provisions – including determinations of medical necessity.

6. Mrs. Howard's husband was employed with Kaplan, Inc. By virtue of his employment at Kaplan, Inc., Mrs. Howard was an eligible dependent, participant, and/or beneficiary of the Program at all times material to this action.

7. The purpose of the Program was to provide Mrs. Howard certain benefit coverages under various component plans, including medical coverage.

8. The medical coverage pays benefits for many of the medically necessary charges that participants and their covered dependents incur for diagnosis and treatment of diseases and injuries.

9. Mrs. Howard suffers from multiple medical conditions and symptoms, including, but not limited to: impulsive behavior, significant emotional dysregulation, and risk of substance relapse.

10. Mrs. Howard's health care providers determined it was medically necessary to place her under inpatient confinement at The Menninger Clinic from October 9, 2013 through December 25, 2013.

11. Mrs. Howard notified Aetna of the inpatient confinement.

12. The services rendered by The Menninger Clinic were medical coverage for benefits to which Ms. Howard was entitled under the terms of the Program.

13. Aetna denied Mrs. Howard's benefits.

14. Mrs. Howard appealed Aetna's decision to deny her medical coverage benefits by letter dated April 1, 2014.

15. Aetna rejected Mrs. Howard's appeal for medical coverage benefits. Aetna communicated its decision via letter dated April 30, 2014.

16. Mrs. Howard again appealed Aetna's decision to deny her medical coverage benefits.

17. Aetna rejected Mrs. Howard's second appeal for medical coverage benefits. Aetna communicated this decision via letter dated July 30, 2014.

18. In accordance with the procedures set forth by the Plan and Aetna's final appeal denial, Mrs. Howard, through legal counsel, requested an independent medical review ("External Review") of Aetna's adverse benefit determination.

19. Enclosed with Mrs. Howard's request was Aetna's Request for External Review Form, signed by her legal representative, and a copy of Aetna's final appeal denial letter dated July 30, 2014.

20. Aetna rejected the request for an External Review by letter dated December 5, 2014, claiming it was unable to process the request without Mrs. Howard's signature on the Request for External Review Form.

21. By letter dated December 12, 2014, Mrs. Howard, through legal counsel, sent a second request for an External Review.

22. On December 17, 2014, Aetna resent a copy of its initial rejection dated December 5, 2014.

23. By letter dated January 8, 2015 Mrs. Howard, through undersigned counsel, provided additional records, including medical questionnaires and letters authored by attending physicians, in support of her request.

24. By letter dated March 13, 2015, Mrs. Howard requested Aetna provide an update on the status of her request for an External Review.

25. By letter dated July 7, 2015, Mrs. Howard, through legal counsel, again requested an update on her request for an External Review. In the letter, it was noted that Aetna's Request for External Review Form did not require Mrs. Howard's signature, as it was signed by her legal representative, and Aetna's refusal to conduct an External Review was wrong.

26. By letter dated July 13, 2015, Aetna again rejected Mrs. Howard's request.

27. By letter dated September 3, 2015, Mrs. Howard, through undersigned counsel, made her fourth and final request for an External Review.

28. Aetna failed and refused to grant Mrs. Howard's request for an External Review despite her numerous written requests.

29. In denying Mrs. Howard's medical coverage benefits, Defendants deemphasized medical evidence favoring medical necessity and instead relied on the views of its own medical consultants.

30. The denial of Mrs. Howard's medical coverage benefits was a breach of the terms of the Program, and the decision was wrong and arbitrary and capricious.

31. In failing and refusing to grant Ms. Howard an External Review, Defendants violated the terms of the Program.

## IV. COUNT I: RECOVERY OF PLAN BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 31 as if fully stated herein and says further that:

32. Plaintiff is entitled to certain benefits of the Plan consisting of past medical coverage benefits including prejudgment interest, retroactive to the day benefits were due to her pursuant to 29 U.S.C. §1132(a)(1)(B).

33. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the Program;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

34. Defendants have refused to pay the medical coverage benefits sought by Mrs. Howard, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: FAILURE AND REFUSAL TO CONDUCT AN EXTERNAL REVIEW

Plaintiff incorporates the allegations contained in Paragraphs 1 through 34 as if fully stated herein and says further that:

35. Defendants violated the terms of the Program by failing and refusing to grant Mrs. Howard's request for an External Review of Aetna's decision to deny her medical benefits.

36. Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3) to address Defendants' violations and enforce provisions in the Program as well as other further relief as the Court deem just and proper.

37. Plaintiff is entitled to the relief requested herein because:

a. Plaintiff was entitled to an External Review under the terms of the Program;

b. Plaintiff has satisfied all conditions to be eligible for an External Review;

c. Defendants have failed and refused to grant Plaintiff her right to an External Review.

## VI. COUNT III: ATTORNEYS' FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 37 as if fully stated herein and says further that:

38. To the extent that Defendants violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 38 as if fully stated herein and says further that:

39. As a result of the acts and/or omissions of Defendant as alleged herein, Defendants owes Plaintiff unpaid medical coverage benefits, plus interest.

40. Alternatively, as a result of the acts and/or omissions of Defendants as alleged herein, Defendants should be required to grant Mrs. Howard an External Review as provided for under the Program.

41. Defendants are also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ashlee Howard, prays for a judgment against Defendants for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

***Respectfully submitted this _10th day of March, 2016.***

BY: _*s/ Edward P. Dabdoub*_________
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Ashlee Howard*